1
2
3
4
5
6              **UNITED STATES DISTRICT COURT**
7                   **DISTRICT OF NEVADA**
8
JOSEPH M. VAN BAAREN,                      )
9                                          )
                    Plaintiff,             )
10                                         )          2:13-cv-01964-RCJ-PAL
              vs.                          )
11                                         )
STATE OF NEVADA et al.,                    )          **ORDER**
12                                         )
                    Defendants.            )
13 _____ )

14          This is a case arises out of the termination of a disabled employee.  Pending before the

15 Court is a Motion to Dismiss (ECF No. 5).  For the reasons given herein, the Court denies the

16 motion.

17 **I.      FACTS AND PROCEDURAL HISTORY**

18          Plaintiff Joseph Van Baaren suffers from post-traumatic stress disorder ("PTSD")

19 incurred while serving on active duty in Iraq. (*See* Compl. ¶ 1, Oct. 28, 2013, ECF No. 1).

20 During the relevant time period, he was working as a Yellow Ribbon Support Specialist for

21 civilian contractor Defendant Gap Solutions, Inc. ("GAP"), which had been contracted by the

22 Nevada Army National Guard. (*See id.* ¶¶ 16–17).  Defendants initially provided

23 accommodations for Plaintiff's disability but later revoked them and refused to reinstate them.

24
25

1    (*See id.* ¶ 24).[1]  Some coworkers also harassed Plaintiff verbally about his disability and

2    attempted to startle him. (*See id.* ¶¶ 34–35).  Plaintiff drafted a letter concerning his mistreatment

3    and "other discriminatory issues" that he intended to provide to the authorities, but when a

4    coworker or employee named Strahan found the letter on April 27, 2011, Plaintiff was escorted

5    off of his worksite and formally terminated on May 10, 2011. (*See id.* ¶ 26).

6         Plaintiff filed a Charge of Discrimination ("COD") with the Equal Employment

7    Opportunity Commission ("EEOC") the day he was terminated, and he received a Right-to-Sue

8    Letter ("RTS") fro the EEOC on July 31, 2013.  Plaintiff sued GAP and the State of Nevada,

9    Office of the Military, Office of the Adjutant General (the "State") in this Court on October 28,

10   2013 on four causes of action: (1) Wrongful Termination under the Americans with Disabilities

11   Act ("ADA"); (2) Harassment under the ADA; (3) Failure to Accommodate under the

12   Rehabilitation Act ("RA"); and (4) Retaliation under the ADA.  The State, but not GAP, has

13   moved to dismiss for lack of subject matter jurisdiction.

14   **II.     LEGAL STANDARDS**

15        A party may move to dismiss a complaint for lack of subject matter jurisdiction under

16   Rule 12(b)(1). *See* Fed. R. Civ. P. 12(b)(1).  A party may move to dismiss under Rule 12(b)(1)

17   for failure to exhaust administrative remedies under Title VII. *See, e.g.*, *Sommatino v. United*

18   *States*, 255 F.3d 704, 707–11 (9th Cir. 2001).

19        Although filing a charge of discrimination with the EEOC is a jurisdictional prerequisite

20   to a Title VII suit, "filing a *timely* charge of discrimination with the EEOC is not a jurisdictional

21   prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject

22   to waiver, estoppel, and equitable tolling." *Zipes v. TWA*, 455 U.S. 385, 393 (1982) (emphasis

23   added).  The distinction is often of no practical significance, and courts sometimes still refer to

24

25        [1]Plaintiff does not identify the alleged accommodations in the Complaint.

1    the timeliness requirement as being jurisdictional. *See, e.g., Vasquez v. Cnty. of L.A.*, 349 F.3d

2    634, 644 (9th Cir. 2003) ("To establish subject matter jurisdiction over his Title VII retaliation

3    claim, [the plaintiff] must have exhausted his administrative remedies by filing a *timely* charge

4    with the EEOC." (emphasis added)).  But only the requirement to file a charge with the EEOC at

5    some point in time is a jurisdictional prerequisite; the timeliness provision operates as a statute of

6    limitations that may be waived, estopped, or tolled, because it appears in a separate provision of

7    Title VII than does the jurisdictional grant. *Zipes*, 455 U.S. at 393–94; *Surrell v. Cal. Water Serv.*

8    *Co.*, 518 F.3d 1097, 1104–05 (9th Cir . 2008) (citing *id.*).  In any case, Title VII's exhaustion

9    requirement limits the jurisdiction of federal courts to those claims that the EEOC has had an

10   opportunity to examine, meaning those claims the EEOC actually adjudicates and any claims the

11   plaintiff files with the EEOC but the EEOC fails to adjudicate or investigate. *Vasquez*, 349 F.3d

12   at 644.  In summary, there is federal jurisdiction over any Title VII claim a plaintiff has given the

13   EEOC an opportunity to adjudicate, but a federal court will accept jurisdiction over and then

14   dismiss any claim untimely presented to the EEOC, subject to waiver, estoppel, and equitable

15   tolling.

16   **III.   ANALYSIS**

17        The State argues that there is no subject matter jurisdiction against it because the COD

18   attached to the Complaint (the "'788 COD") names only GAP as a respondent. (*See* '788 COD,

19   May 10, 2011, ECF No. 1-1).

20        Plaintiff responds that he filed a separate COD against the State, i.e., against the

21   ""Nevada Army National Guard," (the "'746 COD"), which he inadvertently failed to attach to

22   the Complaint, but which he has attached to his Response. (*See* '746 COD, May 10, 2011, ECF

23   No. 12-1).  The CODs against the GAP and the State are identical, except for the parties.[2]

24   _____

25   [2]The '746 COD against the State was assigned Agency Charge No. 487-2011-00746, and
     the '788 COD against GAP was assigned Agency Charge No. 487-2011-00788.

Plaintiff has also attached the RTS as to the State, which is dated July 31, 2013, the same date as the RTS as to GAP.  The Court is therefore not convinced there was any failure to exhaust administrative remedies.

In reply, the State merely reiterates that the "State of Nevada, Office of the Military, Office of the Adjutant General" was not named in "the Charge of Discrimination."  But the State fails to acknowledge the '746 COD attached to the Response, which names "Nevada Army National Guard," another name for the same entity.  Plaintiff cannot be faulted for the State's potential failure to forward the '746 COD to the proper agency—assuming such an error occurred, which the State does not argue—especially where the identity of the agency implicated was so obvious.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Dismiss (ECF No. 5) is DENIED.

IT IS SO ORDERED.

Dated this 17th day of January, 2014.

_____
ROBERT C. JONES
United States District Judge